[Civ. No. 6108. First Appellate District, Division One.—October 23, 1928.]

J. J. DAVIS, Appellant, v. WILLIAM G. WANSLEBEN et al., Respondents.

James M. Thomas for Appellant.

Fitzgerald & Johnson for Respondents.

CASHIN, J.—The complaint alleged that the goods were sold to Ogalalla Tribe, Improved Order of Redmen No. 142, an unincorporated association (which will be hereinafter referred to as the association), and other defendants, including one Jack Donnelly, who were alleged to have been doing business under the name of Redmen's Circus and Pow Wow. The trial court entered judgment against Donnelly alone, and it is claimed by the plaintiff, who has appealed therefrom, that judgment should also have been entered against the association.

In support of the contention it is urged that the findings of the court are unsupported and that the decision is against law.

The testimony shows the defendant Donnelly to have been a promoter of public entertainments, which were usually given under the auspices of some social organization, the profits being divided between him and the organization. Defendants Wansleben, Fabri, Ralph, and Harry Eustice were members of the association, and with them negotiations were commenced by Donnelly which led to the giving of an entertainment which was called a Redmen's Circus and Pow Wow. The affair was held at Gilroy, on consecutive evenings, and the goods for which plaintiff sought to recover were sold in connection therewith. The defendant Wansleben, in addition to being a member, was also the sachem or head officer of the association. On March 19, 1926, he, with defendant Fabri, both assuming to act for the association, signed a written agreement with Donnelly, which provided for the giving of an entertainment, and for a division of the profits between him and the association. This was followed on April 14, 1926, by a letter, addressed to the plaintiff by Wansleben, who described himself as the sachem of the association, and which by its terms authorized Donnelly to order the goods for the association. It was testified that Donnelly talked to various members of the association at its meeting place on one or more occasions when meetings were being held, urging them to co-operate in the sale of tickets and to render other services in connection with the affair, which several of them did. It also appears that the entertainment was held on vacant real property owned by the association; that a municipal license therefor was

procured in its name, and that advertising matter, over the name of Wansleben as sachem, was inserted in local newspapers and sent to the members in the form of circulars, stating that the affair would be held under the auspices of the association for the purpose of raising funds for its new building, and urging them to purchase and sell tickets of admission. This testimony tended to show that the association was a party to the transaction; and it was testified in effect by Fabri that it approved the acts of the individual defendants.

As against the foregoing it was testified by defendants Wansleben, Ralph, and Harry Eustice that the whole transaction was arranged by Fabri and themselves with Donnelly, and that the association had no connection therewith; that Donnelly first approached Fabri on the subject, and it was suggested that the entertainment be given under the auspices of the association, which proposal they declined, giving as their reason that the by-laws of the association would not permit. It was then agreed that the affair would be conducted on their own responsibility, it being understood between all the parties that Donnelly should furnish the merchandise and other things needed and be responsible for any losses; and that if the result showed a profit this should be divided with Donnelly, and the balance, after deducting the costs of a banquet for themselves, should be presented to the association for the benefit of its building fund. The Eustices also testified that the contract and letter mentioned were signed by Wansleben without their knowledge and consent, and, according to the latter, without authority of the association, his testimony in this respect being corroborated by the secretary of the association. It was also testified that the advertising mentioned was caused to be done by Donnelly; and it appears that all the funds derived from the enterprise (which finally resulted in a loss) were received and disbursed by the individual defendants through a bank account opened by them and not by the association. There was also evidence that neither the contract nor the letter was called to the attention of any officer or member of the association with the exception of Wansleben and Fabri until after the entertainment had closed. No evidence of authority to sign the contract or letter on behalf of the association was adduced, and it is

not contended that the sachem of the organization had implied power to bind it by contract. Appellant claims, however, that the facts support no conclusion other than that the purchase of the goods was approved by the association; and, further, were such as to estop the latter from denying liability.

We are unable to agree with these contentions. The burden of proof rested upon the plaintiff; and, although the court might from the evidence have fairly found against the association, nevertheless the testimony of these witnesses—which the court believed and which was not inherently improbable—tended to support the findings, and we cannot say that the conclusions reached were unreasonable. Furthermore, no benefit from the transaction was received by the association, nor was any act done or omitted which, in view of the testimony of its witnesses, would estop it from denying liability to the plaintiff.

Appellant, as stated by his counsel, is not seeking to recover a personal judgment against any of the individuals joined as defendants except Donnelly, but to enforce a claim against the association. After a reading of the whole record, including the evidence, we are satisfied that no sufficient ground has been shown for the reversal of the judgment in favor of the association, or a direction, as asked by appellant, that a judgment be entered against it.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 22, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1928.

All the Justices concurred.